Next case for argument is 32-1516, Interactive Games v. DraftKings. Good morning. Good morning. Hopefully we'll be more efficient now than we were in the prior argument. So why don't you proceed. May it please the court. I'd like to first discuss the board's inconsistency with respect to ground two, and then I'll turn to device authorization. In ground two, the board found the broad independent claim not obvious. But when it turned to the dependent claim that has additional limitations, it then found that those claims are obvious. This is entirely illogical, and it is self-contradictory. Specifically, claim one, which is incorporated into claim eight and other dependent claims, has the limitation determining a period of time relative to the determination of the claim. So can you tell us exactly, can you point us in the board's decision, what you're saying, where the inconsistencies lie? Sure. On page A62, and this is on ground two, I'm going to start at the bottom paragraph of A62. It says, specifically, as discussed above, petitioner's obviousness analysis for this grounds begins by assuming Winn does not disclose a processor or a gaming service that determines a period of time to elapse until the next location is reported. Then on the next page, A63, the board continues. But then, when discussing why it would have been obvious to modify Winn to include such a determination, petitioner expressly relies on Winn as disclosing a determining a frequency. The board then goes on to say, as a result, at the end of that paragraph, as a result, it is not clear exactly what petitioner cites Winn as disclosing or not disclosing in relation to the pro's obviousness. So that was for the independent claim. Now it turns to claim eight, which is dependent claim off of claim one, and I'll turn you to page A65. Wait, but was this in connection with the claims that were found to be unpatentable? So the board was presented with two different grounds. Right, and was this about the Lewin-Winn ground? This was the Lewin-Winn for Weed ground. Okay, okay. Let me tell you how, I mean, the briefing was very effective on this, and maybe that's why it's so hard for me. But what I understand, and the other side can tell me if I'm misstating their defense to what you're saying, is that the first ground was Lewin and Winn. And so they were making an argument that Winn does all of this stuff. But then in the second ground, as people often do, they often plead alternatives, and they often plead alternatives that may in fact be mutually exclusive. But I understood what was going on in the second ground was that they were saying, well, let's assume the board, they didn't know then how the board was going to come out. So let's assume the board doesn't accept our argument with respect to ground one. So we're going to take a different tact about what Winn says on this. That's what I understand is what you're saying is the inconsistency, and I don't see why that's an inconsistency. No, I'm not suggesting that's the inconsistency. What I'm suggesting is that that is the whole premise of ground two, was that premise, that logical assumption that Winn doesn't include this process. Right. That's the assumption. But when it turns around and says, well, what's the motivation to combine, the problem is that the petition assumed that Winn had that processing step. And the board said that's illogical. And that's the reason it found for ground two on page A63, that these claims are not. But they were dealing with the arguments that they were making on ground one, on ground two, I'm sorry. And they were making different arguments. What I'm saying is. I mean, they lost on ground two, right? No, that's the problem. They lost partly on ground two and partly won on ground two in a way that doesn't make any sense. They won on ground. So they lost on ground two with respect to some claims. But the same step they had won on ground one. Yes. Right. And then. Right, correct. And then the board bifurcated ground two on its own. Well, that's. No, no, no, no. Let's just assume you're wrong on that. They presented it separately in their petitions. All right. The board then started treating the dependent claims. And when it started treating the dependent claims. It looked at the three references instead of the two. It looked at the three references. And it said, in direct contradiction, it said on page A65. Now we're going to determine that the petition clearly explains Vertui is cited in this ground two. In case the first ground fails on the basis the win does not disclose a processor. The problem with that is the entire motivation to combine for all of these claims in ground two is the same. There is only one motivation combined that was presented in the petition. And it is the same motivation to combine that the board said doesn't make any sense when you assume. Right. Because the motivation to combine was that it would be obvious to modify win to include such a determination. Because the win expressly relies on win as disclosing determining that frequency. And that's on page A63. So you have an assumption that win doesn't have this thing. And then when you're motivating to combine, the motivation to combine in the petition for all the claims, you're assuming that it does. And it can't possibly be both cases. So when it found the dependent. When they were arguing this, I don't know how to cleanly talk about this. Can we talk about the ones I think we're disputing as the second subgroup? Does that make sense? Yes. When the board looks at the second subgroup, they determine what do they determine on why do they need that third reference and what does it disclose that win doesn't disclose? So what they've said in page 65 is they said we're going to go into second ground. In the case that the first round doesn't have the right stuff, it doesn't have the processor, we're going to say that we have it. The problem with that statement, that statement that's on paragraph two of page A65, is it directly contradicts what they say about the motivation to combine, which is that the win has that processor. So the problem is, is that board is – I mean, this to me sounds like sloppy petition writing and sloppy board reasoning, but really just a different argument. That, you know, we got rid of all the, like claim one and whatever that first group is, just on the two references. No win and whatever the other one was. And for the second ground, they preserved in the position saying, well, if we weren't going to win on that, we'll win on all three. But they wrote a really bad petition for the first subgroup. But on the second subgroup, they argued why that third reference showed the stuff that they needed for the second subgroup. And the board found that it did, right? The board said that the dependent claim stuff was found in particular. Sorry, I'm being imprecise here, but I can't keep all those numbers in my head. I appreciate it. But they said the stuff that's only in the dependent claim, that's in virtue. But the motivation to combine, as the draft can submit, that's the same motivation to combine they used for claims one, two, three, eight. It's the same argument. And the problem is, is if that argument – Let me ask you this. Because they already found independent claim one invalid. In ground one, yes. In ground one. And let's assume we agree with that. So now if we're just looking at the set of dependent claims, and they're saying, well, claim one is invalid, so we need to go to virtui. Thank you for pronouncing that for me. For all this other stuff, is your problem that they didn't make a specific finding of why you would add in virtui to these other two references? Or is it just this inconsistency about whether Nguyen does or doesn't need to be relied on for disclosing this point? Because they found Nguyen discloses this in the first set. And so their stuff about the first subgroup of the second set is kind of irrelevant because it's already all covered, right? So why isn't it that what we should be looking at is whether there's a motivation to combine virtui with the first two references, which they've already found there's a motivation to combine? Right. No, and I agree with you. So there's two problems. The first would be the SAS problem, right? To the extent they're rewriting the petition, that's problematic. And you can see what they wrote in the petition, and you can see whether it's different or not. But the bigger problem is that the motivation to combine combined virtui, and you can see it in their petition, is at page, as they admit, it's one single motivation combined. If we go to page 209 and page 210, we're talking about the motivation to combine in the petition. And this is the motivation to combine for all the claims, not just the dependent ones, but all of them. And they say, and this is on page 210, end of the full first paragraph, both references describe determining a frequency of location determinations based on a distance to a boundary of an area of interest. So that motivation to combine that's in that petition, to combine virtui and everything else, is the exact opposite of what was assumed for the whole ground in the first instance, namely that Winn doesn't have the very thing that's in that sentence. So the problem with the petition is it both assumes and doesn't. Let me see, are you arguing that the board went on and found that for the second subgroup, which it found invalid, that it relied on the Winn for the disclosure that they were disavowing this ground, or that it relied on virtui for that disclosure? They rely on both, and you can see that on page 865. So the problem is they relied on virtui, what's the error? The error is that you have to find a reason to combine virtui with Winn. And the reason to combine them. Well, if you go on, it talks about a posito would have been motivated to combine virtui with Nguyen, and it talks about Nguyen and virtui being analogous art and stuff like that. Why isn't that enough? Because the reason they find it's analogous art is because they say, well, the petition says, both references disclose a frequency of subsequent location. But the whole premise of the ground is to assume that that's not true. I get what you're saying, but all of this seems to me like very inelegantly drafted petitions, because they didn't know what the board was going to find. And the board did find Nguyen discloses this, and all they're saying is, if you don't find Nguyen, then we get this on this point, too. But the board, I mean, the board's rationale on the first ground seems unclear to me, too. But if we're looking at the second subgroup, is there anything, like, let's assume the board's correct that Nguyen discloses a disputed element, and that there's, you know, no other objections. Nguyen, virtui, and whatever the other one disclose all the elements, right? Well, I'm struggling, Your Honor, because the ground two was presented as you have to combine these three things. You have to combine virtui. So the problem is that the way that you're suggesting would rewrite the petition. They didn't say, well, let's just take ground one and let's just add stuff. They didn't do that. They said, here's ground two. We should add Nguyen with virtui. And what's the reason to add Nguyen with virtui? There has to be motivation. The reason they gave for their motivation to combine the two directly contradicts the assumption of ground two, which is that Nguyen doesn't have the very thing. I don't see how that directly contradicts anything. I think it's just an alternative argument. Because you need to have your motivation combined to make sense. And it doesn't make sense anymore because you've just assumed the opposite of the conclusion. Yes, I reserve my time. Good morning, Your Honors. Hopkins Guy for the Appellee Draft Kings. With respect to the last argument, we did in ground two make an alternative argument. Thank you, Judge Hughes, for pointing out the sloppy petition drafting. That is what it was, and it was never a finding that there was not a motivation to combine. Instead, what they said was, because we had made an assumption about Nguyen, that it did not teach this determining step at the time period, and we were relying on virtui for the first group of claims in ground two to rely on virtui for that. And later in the motivation, we actually made a reference to the determination. And the board basically said, that's confusing. We are therefore unable to reconcile petitioner's basis for presenting the second ground with petitioner's obviousness analysis of these claims, referring to that first subgroup and referring to Appendix 63. I mean, honestly, I think the board just misread the petition, but partially because it's confusing. Because you probably cut and pasted language that shouldn't have been cut and pasted about what Nguyen disclosed. We did not make a full and robust argument regarding an assumption that Nguyen did not teach something when it clearly did, and then relying entirely upon virtui to do that. And so we did not meet our burden with respect to only the first subgroup. So let's focus on the second subgroup. Can you tell me? For the second and third subgroups. Did the board analyze the motivation to combine for the second subgroup? Without the assumption. Yeah. Absolutely. And where is that in the decision? Well, it goes on with respect to at the top of 64 when it talks about Claims 811, 13, 15, and it talks about these as defendant claims. And it already had done the analysis with respect to Ground 1 in which Nguyen and Lewin were shown to have a combination. So when you go through that, that is the basis for that. And if you go and look at the claims with respect to that, it had to do with a very specific way in which the time period was calculated, and that's what virtui came in and added. So there was no assumption with respect to any of the prior art of those three references at that point. So I think that to make a very clear point, the failure to meet a burden, the first thing he said when he got up here was the board found it was not obvious. A failure to meet a burden is not an affirmative finding that it is not obvious. It simply says you didn't meet your burden. And then we went on and relied upon other grounds that we did meet our burden on. With respect to the substance of Lewin and the ability to say that it teaches this idea of an authorized device, there's simply no doubt whatsoever that it does. It is literally in the reference almost the same way that it was in the reading from Appendix 1475. This is Lewin. It clearly says the system also checks to see if the player is utilizing an authorized device for accessing the system. Authorized devices may vary from jurisdiction to jurisdiction. It gives examples, including a cell phone. It also goes on to describe the ID of the player as being a hardware, a portion of a limitation, and then referring to the MAC address. The MAC address was what the patent itself also referred to. So substantial evidence supports this, and it is not the missing element as referenced in the cases that they cite. Your Honor, I see we've got 10 minutes, but that's it. Mike, Your Honor. Just two quick points, Your Honor. The first is they said, well, this is a sloppy petition, maybe, but this was noted in the institutional decision, this problem. This whole thing was there. They chose to remain silent. They could have fixed it. They could have said something more. They didn't. They were told institution, and they strategically said nothing. So having done that and having come to this error, it's entirely their fault. When should they have then fixed it or said something about it? They could have said, well, we see that there was a problem, that the institution decision points out that there's an inconsistency, but there's not an inconsistency. Actually, the motivation to combine works or is different. They could have said something during trial, but they didn't. Were they asked by any of the board members during the trial, during the hearing? Not that I know of. It was set in the institution decision that this was a problem, and it was never fixed after that. The second thing is he says, well, the motivations in mind were different or the assumptions were different. If we look at page A65 at the second paragraph, the board thinks that's just not true. If we look at the second sentence, it says, we determine, the petition clearly explains, Bertwi is cited in this second ground, quote, in case the first ground fails on the basis that Winn does not disclose a processor. The whole basis for the inconsistency that was two pages earlier was that they assumed Winn didn't disclose a processor, but the motivation combined did. Same problem is found two pages later, yet they then go on and find that the pennant narrower claims are obvious despite that. No further questions. Thank you. Thank you. Thanks, folks. I'll ask for cases submitted.